## 49361. In re KENNEDY.

EVANS, Judge.

On January 23, 1974, Robert Bruce Kennedy, an Indiana lawyer, applied for admission to the Bar of Georgia without examination as provided for in Code Ann. Ch. 9-2 (Ga. L. 1969, p. 82 et seq.). The State Bar answered and admitted all averments except his allegation as to the period he had practiced as a licensed attorney. It objected and contended the applicant did not meet the legal requirement of engaging in full-time practice for at least five full years within the eight years (1966 to 1974) immediately preceding the filing of his application. See Code Ann. §§ 9-201, 9-202 (Ga. L. 1969,

pp. 82, 83, *supra*). The State Bar contended that during the period from February 20, 1967, to August 18, 1971, the applicant resided and worked in California, and was not admitted to the practice of law in the State of California.

The superior court judge conducted a hearing, premised both on a stipulation of facts and testimony; and made findings of facts in substance, as follows: A. Applicant engaged as a licensed practitioner while residing in Indiana from May 17, 1973, to July, 1973, a period of approximately two months. B. Applicant was *not* admitted to practice in the State of California during the time he resided there, but he did engage in practice as a licensed patent attorney full-time from February 20, 1967, to August 18, 1971 — a period of approximately 4 years and 6 months. C. Applicant practiced full time as a licensed patent attorney in Georgia from July, 1973, until January, 1974, a period of approximately six months. *Held:*

1. The petitioner, it was stipulated, was licensed to practice in Florida for more than five years prior to application for a license to practice in Georgia, but as Florida is not one of the states that allow lawyers from Georgia to practice in that state by comity, this experience was unavailable as a qualifying factor under Code Ann. §§ 9-201 and 9-202.

2. The applicant persuasively argues that his two months practice in Indiana, as an active member of the State Bar of that state when added to his 4 1/2 years in California and to his one-half year in Georgia, give him more than five years practice and experience during the past eight years, and qualifies him for a license to practice in Georgia without taking an examination. But his California and Georgia practice was limited to practice as a patent attorney, and the question is as to whether that type of practice is contemplated by the provisions of Code Ann. §§ 9-201 and 9-202.

3. The language of the statute which allows him to gain experience by actual practice and thus to avoid having to take the State Bar examination in order to gain a license to practice law, is as follows: Code Ann. § 9-202 (a): "An application for admission under this Chapter

shall be considered as meeting the prior *legal practice and experience qualification* required under Section 9-201 (a) (6), if — (1) he, as a licensed attorney, has engaged on a substantially full time basis in the *practice of law* in a State of the United States or in the District of Columbia, for time periods totalling cumulatively at least five full years within the eight year period immediately preceding the filing date of his application under section 9-203 . . ." (Emphasis supplied.)

4. The question here is difficult of solution, and the case is a close one. But in order for five years practice to serve as sufficient experience to allow one to be licensed to practice law without taking the examination, surely it was contemplated that the five years practice be in a larger field than one specific subject, such as patent attorney. A person might know all of the law there is to know on patents, and still not have the experience requisite to become a practicing lawyer in Georgia. The law does not specify the exact questions which must be propounded by the Board of Bar Examiners to applicants for admission to the State Bar, but it does indicate clearly that a wide range is intended, as the words "covering the topics and subjects within the scope of existing laws relating to Bar examinations" are used in Rule 5, adopted by the Supreme Court (Code Ann. § 9-121). Suppose the Bar Examiners prepared an examination on only one subject, to wit, patents, would this be a compliance with their duties, under the above statute? If the person standing the examination has to demonstrate his knowledge on a number of "topics and subjects," it would seem reasonable to assume that one who is to by-pass the examination on the basis of five years practice and experience must have such experience in more than just one subject, to wit, patents.

5. Despite the ambiguity of the statute, we hold that the trial court correctly rejected those years of experience in practice devoted solely to patent law; and correctly denied the application.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED MAY 10, 1974 — DECIDED MAY 23, 1974.

*Newton, Hopkins & Ormsby, Robert B. Kennedy,* for appellant.

*Omer W. Franklin, Jr., Robert H. Davis, Jr.,* contra.